## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HUNTER FREELAND, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>v.<br><br>NELNET SERVICING, LLC,<br><br>　　　　Defendant. | Civil Action No. 4:22-cv-03211<br><br>**MOTION TO CONSOLIDATE ACTIONS** |

　　　　Plaintiff Hunter Freeland ("Plaintiff") hereby moves this Court to consolidate the 23 class actions ("Related Actions") currently pending before this Court against Nelnet Servicing, LLC, ("Nelnet") and/or EdFinancial Services, LLC ("EdFinancial") arising from the data breach Nelnet began announcing on or about August 26, 2022 (the "Data Breach"), along with any action subsequently filed, transferred, or removed before this Court involving similar facts or claims. In support of his Motion, Plaintiff states as follows[1]:

　　　　1.　　Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may" 1) "join for hearing or trial any or all matters at issue in the actions," 2) "consolidate the actions," or 3) "issue any other orders to avoid unnecessary cost or delay." "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." *Coventry Health Care of Nebraska, Inc. v.*

---

[1] Because this Motion "raises no substantial issue of law" and "relief is within the court's discretion," a supporting "brief is not required." Local Rule 7.1(a)(1)(B).

*Nebraska Dep't of Admin. Servs.*, No. 4:16CV3094, 2016 WL 7971574, at *1 (D. Neb. July 26, 2016) (internal quotation marks omitted) (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (2d ed. 1994)) (granting defendants' joint motion to consolidate). "Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court." *Id.* (citing *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402–03 (8th Cir. 1990)).

2.  "When ruling on a motion to consolidate, the court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause." *Martinez v. Cargill Meat Sols.*, No. 4:09CV3079, 2009 WL 5217040, at *1 (D. Neb. Dec. 30, 2009) (citing Wright & Miller at § 2383) (granting defendant's motion to consolidate). "[D]istrict courts generally take a favorable view of consolidation," and "[a]ctions involving the same parties are apt candidates for consolidation. *Id.* (citing Wright & Miller at §§ 2383–84). Under Fed. R. Civ. P. 42(b), "consolidation is considered inappropriate [only] 'if it leads to inefficiency, inconvenience, or unfair prejudice to a party.'" *Coventry Health Care of Nebraska*, 2016 WL 7971574, at *1 (quoting *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)).

3.  Here, the Related Actions should be consolidated. First, the Related Actions involve common questions of law and fact. The Related Actions all allege that Nelnet failed to properly secure and safeguard the personally identifiable information ("PII") of approximately 2.5 million impacted current and former student loan borrowers. All complaints in the Related Actions, including Plaintiff's, make similar factual allegations regarding the Data Breach, all include Nelnet as a defendant, all assert claims for negligence, and all seek to certify materially similar plaintiff classes.

4. Second, consolidation would save time and effort and promote judicial economy. For instance, the similarity of the allegations and claims at issue in the Related Actions means that they will involve substantially the same discovery. Moreover, the Related Actions are all at an early stage of litigation, weighing further in favor of consolidation. *See UNeMed Corp. v. ProMera Health, LLC*, No. 8:15CV135, 2016 WL 1259387, at *3 (D. Neb. Mar. 30, 2016) ("[D]ue to the similarity in the cases, the parties will likely present similar motions and arguments during discovery. Consolidation during the discovery phase will avoid duplicative parallel activities. Both cases are at an early stage of litigation. Consolidation for discovery will promote the goals of efficient use of judicial resources without leading to inconvenience, delay, unfair prejudice, or additional expense").

5. Third, consolidation would not cause any inconvenience, expense, or delay. On the contrary, consolidation would be more convenient, result in less expense for the parties, and would make this litigation more expedient. *See Coventry Health Care of Nebraska*, 2016 WL 7971574, at *1 ("Consolidation for discovery will promote the goals of efficient use of judicial resources without leading to inconvenience, delay, unfair prejudice, or additional expense."). *See also* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

6. For these reasons, consolidation would not cause unfair prejudice to any party.

WHEREFORE, Plaintiff Hunter Freeland respectfully moves the Court to consolidate the Related Actions, along with any action subsequently filed, transferred, or removed before this Court involving similar facts or claims.

                                                      Respectfully submitted,

Dated: January 3, 2023

                                        /s/ *Norman E. Siegel*
Norman E. Siegel,* Missouri Bar No. #44378
Barrett J. Vahle,* Missouri Bar No. #56674
Benjamin J. Stueve, Missouri Bar No #71197
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com
vahle@stuevesiegel.com
ben.stueve@stuevesiegel.com

Cornelius P. Dukelow,*
Oklahoma Bar No. 19086
**ABINGTON COLE + ELLERY**
320 South Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
(918) 588-3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com

Christopher P. Welsh, Nebraska Bar No. #22279
**WELSH & WELSH PC, LLO**
9290 West Dodge Road, Suite 204
Omaha, Nebraska 68114
Telephone: (402) 384-8160
cwelsh@welsh-law.com

*Pro Hac Vice*
*Counsel for Plaintiff*